# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

QUANESHIA NEAL,

    Plaintiff,

vs.                       CASE NO.:  8:24-cv-00214

METTLER-TOLEDO, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, QUANESHIA NEAL, (hereinafter "Plaintiff" or "Ms. Neal"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, METTLER-TOLEDO, LLC, (hereinafter "Defendant" or "Mettler") and alleges:

## JURISDICTION AND VENUE

1.    This is an action for damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, et al ("ADA"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and the Florida Civil Rights Act § 760.01, et al. ("FCRA").

2.    In this civil action Plaintiff has also brought claims against his former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the FCRA § 760.01, et al.

3. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C §§ 1331 and 1343.

4. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in this district.

## PARTIES

6. Plaintiff, QUANESHIA NEAL, is an African American female with asthma who resides in Hillsborough County, Florida, located in the Middle District of Florida.

7. Defendant, METTLER-TOLEDO, LLC, is a For Profit Corporation that operates within Pasco County, Florida, located in the Middle District of Florida.

8. At all times material, Plaintiff worked for Defendant located at 1571 Northpointe Pkwy, Lutz, Florida 33558.

9. Plaintiff has satisfied all conditions precedent to bringing this action.

## **GENERAL ALLEGATIONS**

10.    Quaneshia Neal is an African American woman who suffers from asthma.

11.    On February 14, 2019, Mettler-Toledo hired Ms. Neal as a data administrator in the Marketing Department.

12.    On January 20, 2020, Mettler-Toledo promoted Ms. Neal to Senior Marketing Customer Response Coordinator.

13.    In March 2020, most if not all Mettler-Toledo employees were allowed to work from home due to the Covid-19 pandemic.

14.    Ms. Neal continued to work from home until November 2022 when she was required to return to working in the office four days a week, being permitted to work Fridays from home.

15.    While working from home, Ms. Neal did not have an asthma attack for over two years.

16.    After Ms. Neal returned to work in the office her asthma flared up and she had frequent attacks.

17.    In December 2022, Ms. Neal submitted a request for an accommodation–supported by her doctor–seeking permission to work from home full time due to her chronic asthma.

18.    Mettler-Toledo denied her request to work from home.

19.    Other employees without asthma and who are not black were still permitted to work from home at their leisure. Mettler-Toledo allowed each employee's Supervisor to decide if the employee may work from home.

20.    After Mettler-Toledo denied her request, Mettler-Toledo proposed an alternative accommodation in which Ms. Neal would be permitted to work in a closed space (an office) to avoid to exposure to irritants in the air such as dust and perfumes.

21.    Mettler-Toledo allowed her to work in the office as needed but only after Ms. Neal suffered an asthma attack, at which point the office served no purpose as the attack had already happened.

22.    On one occasion, when Ms. Neal went to the office to avoid triggering an asthma attack, HR told her she was not permitted to use the room unless she was actively having an attack.

23.    Between December 2022 and May 2023, Ms. Neal estimates she had over 20 asthma attacks while at work.

24.    On May 2, 2023, Ms. Neal requested to take temporary FMLA leave from May 15, 2023, through August 15, 2023, because she needed to recover from the asthma attacks. Ms. Neal provided a doctor's note in support of this FMLA request.

25.    Mettler-Toledo granted Ms. Neal's request to take temporary FMLA leave within five days of her request.

26.    On May 22, 2023, Ms. Neal filed an EEOC charge complaining of discrimination based on race, color and disability.

27.    On May 30, 2023, Mettler-Toledo eliminated Ms. Neal's position as part of a reduction in force.

28.    Two other employees in Ms. Neal's department, who are not disabled, were offered new positions when their positions were eliminated by the reduction in force.

29.    However, Mettler-Toledo terminated Ms. Neal and did not offer her a new position.

30.    Ms. Neal has incurred costs and attorney's fees in bringing this matter.

## COUNT I
### DISCRIMINATION BASED ON
### RACE AND COLOR IN VIOLATION OF TITLE VII

31.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) as if set forth fully herein.

32.    The Defendant employed fifteen or more individuals. Therefore, Defendant was an "employer" within the meaning of Title VII.

33.    Ms. Neal was an "employee" of Defendant within the meaning of Title VII.

34.    Ms. Neal is a member of a protected class because of her race and color.

35.    Ms. Neal was qualified to perform her job duties.

36.    In December 2022, Ms. Neal submitted a request for an accommodation seeking permission to work from home full time due to her chronic asthma.

37.    Mettler-Toledo denied her request.

38.    Other employees who are not black were still permitted to work from home at their leisure.

39.    On May 30, 2023, Mettler-Toledo eliminated Ms. Neal's position because of her race and color.

40.    Defendant's actions in discriminating against Ms. Neal because of her race and color were reckless, willful, and malicious.

41.    As a direct and proximate result of Defendant's acts, Ms. Neal has suffered loss of employment compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Ms. Neal has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Neal respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Neal;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Punitive damages;

F.    Prejudgment interest;

G.    Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

H.    Attorney's fees and costs; and

I.    For such other relief as the Court deems just and equitable.

**COUNT II**
**VIOLATION OF THE ADA**
**DISABILITY DISCRIMINATION**

42.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through thirty (30) as if set forth fully herein.

43.    The ADA makes it unlawful to discriminate against employees for a disability or perceived disability.

44.    While working for Defendant, Plaintiff suffered from Asthma which required her to avoid irritants in the air such as dust and perfumes.

45.    In December 2022, Ms. Neal submitted a request for an accommodation seeking permission to work from home full time due to her chronic asthma.

46.    Mettler-Toledo denied her request to work from home.

47.    Other employees without asthma were still permitted to work from home at their leisure.

48.    After Mettler-Toledo denied her request to work from home, Mettler-Toledo allowed her to work in a closed office as needed but only on the occasion that Ms. Neal had already suffered an asthma attack, at which point the closed office served no purpose as the attack had already happened.

49.    On one occasion, when Ms. Neal went to the office to avoid triggering an asthma attack, HR told her she was not permitted to use the room unless she was actively having an attack.

50.    On May 2, 2023, Ms. Neal requested to take temporary FMLA leave from May 15, 2023, through August 15, 2023, because she needed to recover from the asthma attacks.

51.    Mettler-Toledo granted Ms. Neal's request to take temporary FMLA leave within five days of her request.

52.    On May 30, 2023, Mettler-Toledo eliminated Ms. Neal's position because of her disability.

53.    Defendant violated the ADA by failing to grant Plaintiff's request for a reasonable accommodation.

54.    Defendant knew or should have known about the discrimination alleged herein.

55.    Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADA.

56.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, and embarrassment. Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's actions.

**WHEREFORE**, Plaintiff, QUANESHIA NEAL, demands entry of a Final Judgment against Defendant, METTLER, for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      Reasonable attorney's fees and costs; and

F.      All such other relief as the Court deems just, equitable and appropriate.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

57.     Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) as if set forth fully herein.

58.     Defendant employed fifteen or more individuals. Therefore, Defendant was an "employer" within the meaning of Title VII.

59.     Ms. Neal was an "employee" of Defendant within the meaning of Title VII.

60.     The actions of the Defendant constitute a violation of Title VII in that the Defendant has retaliated against Ms. Neal for filing an EEOC charge complaining of discrimination based on race, color, and disability.

61.     Ms. Neal is a member of a protected class and protected by Title VII from discrimination based on her race, color, and disability.

62.     Ms. Neal engaged in a protected activity when she filed an EEOC charge complaining of discrimination based on race, color, and disability.

63.     Ms. Neal's protected activity was a but-for cause of her termination and resulting injury.

64.     Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it terminated her because of her report of race, color, and disability discrimination.

65.     As a direct and proximate result of Defendant's acts, Ms. Neal has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Ms. Neal has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in Title VII and prays for a judgment:

A.     Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Neal;

B.     Back pay;

C.     Front pay;

D.     Compensatory damages against Defendant;

E.    Punitive damages

F.    Prejudgment interest;

G.    Attorney's fees and costs;

H.    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant; and

I.    For such other relief as the Court deems just and equitable.

**COUNT IV**
**VIOLATION OF THE FMLA**
**INTERFERENCE WITH TAKING MEDICAL LEAVE**

66.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through thirty (30) as if set forth fully herein.

67.    Plaintiff brings an action under the FMLA for Defendant's interference in her ability to take medical leave.

68.    Plaintiff satisfied all prerequisites to take approved medical leave under the FMLA.

69.    On May 2, 2023, Ms. Neal requested to take temporary FMLA leave from May 15, 2023, through August 15, 2023, because she needed to recover from the asthma attacks.

70.    Mettler-Toledo granted Ms. Neal's request to take temporary FMLA leave within five days of her request.

71.    On May 30, 2023, Defendant eliminated Ms. Neal's position, interfering with Ms. Neal's FMLA leave.

72.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, QUANESHIA NEAL, demands entry of a Final Judgment against Defendant, METTLER-TOLEDO, for the following:

A.    An award of Back Pay damages;

B.    An equal award of Liquidated damages;

C.    An award of Front Pay damages;

D.    Prejudgment interest;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT V**
**VIOLATION OF THE FMLA**
**RETALIATION FOR TAKING MEDICAL LEAVE**

73.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through thirty (30) as if set forth fully herein.

74.    Plaintiff brings an action under the FMLA for Defendant's retaliation against her for taking medical leave under the FMLA.

75.    Plaintiff satisfied all prerequisites to take approved medical leave under the FMLA.

76.    On May 2, 2023, Ms. Neal requested to take temporary FMLA leave from May 15, 2023, through August 15, 2023, because she needed to recover from the asthma attacks.

77.    Mettler-Toledo granted Ms. Neal's request to take temporary FMLA leave within five days of her request.

78.    On May 30, 2023, Defendant eliminated Ms. Neal's position in retaliation for taking FMLA leave.

79.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest

on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, QUANESHIA NEAL, demands entry of a Final Judgment against Defendant, METTLER-TOLEDO, for the following:

A.    An award of Back Pay damages;

B.    An equal award of Liquidated damages;

C.    Prejudgment interest;

D.    Reasonable attorney's fees and costs; and

E.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT VI
## DISCRIMINATION BASED ON
## RACE AND COLOR IN VIOLATION OF THE FCRA

80.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) as if set forth fully herein.

81.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race and color.

82.    Ms. Neal has satisfied all procedural and administrative requirements set forth in the FCRA.

83.    Ms. Neal is a member of a protected class because of her race and color.

84.    Ms. Neal was qualified to perform her job duties.

85.    In December 2022, Ms. Neal submitted a request for an accommodation seeking permission to work from home full time due to her chronic asthma.

86.    Mettler-Toledo denied her request to work from home.

87.    Other employees who are not black were still permitted to work from home at their leisure.

88.    On May 30, 2023, Mettler-Toledo eliminated Ms. Neal's position because of her race and color.

89.    Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Mr. Neal's employment in violation of the FCRA.

90.    Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it terminated her because of her race and color.

91.    As a direct and proximate result of Defendant's acts, Ms. Neal has suffered loss of employment compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Ms. Neal has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Neal respectfully invokes the remedial powers of this Court as provided in the FCRA, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Neal;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Punitive damages;

G.    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

H.    Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes; and

I.    For such other relief as the Court deems just and equitable.

**<u>COUNT VII</u>**
**DISCRIMINATION BASED ON**
**DISABILITY IN VIOLATION OF THE FCRA**

92.    Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) as if set forth fully herein.

93.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

94.    Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability.

95.    Defendants were "employers" within the meaning of the FCRA during the time of these allegations.

96.    Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, et seq. Florida Statutes.

97.    Ms. Neal was qualified for her job.

98.    While working for Defendant, Plaintiff suffered from Asthma which required her to avoid irritants in the air such as dust and perfumes.

99.    In December 2022, Ms. Neal submitted a request for an accommodation seeking permission to work from home full time due to her chronic asthma.

100.   Mettler-Toledo denied her request.

101.   Other employees without asthma were still permitted to work from home at their leisure.

102.   After Mettler-Toledo denied her request, Mettler-Toledo allowed her to work in a closed office as needed but only after Ms. Neal suffered an asthma attack, at which point the office served no purpose as the attack had already happened.

103.   On one occasion, when Ms. Neal went to the office to avoid triggering an asthma attack, HR told her she was not permitted to use the room unless she was actively having an attack.

104.   On May 2, 2023, Ms. Neal requested to take temporary FMLA leave from May 15, 2023, through August 15, 2023, because she needed to recover from the asthma attacks.

105.   Mettler-Toledo granted Ms. Neal's request to take temporary FMLA leave within five days of her request.

106.   On May 30, 2023, Mettler-Toledo eliminated Ms. Neal's position because of her disability.

107.   As a direct and proximate result of Defendant's actions, Ms. Neal has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Neal has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, QUANESHIA NEAL, demands entry of a Final Judgment against Defendant, METTLER for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      Reasonable attorney's fees and costs; and

F.      All such other relief as the Court deems just, equitable and appropriate.

<u>**COUNT VIII**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**

108.  Plaintiff, QUANESHIA NEAL, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) as if set forth fully herein.

109.  The Florida Civil Rights Act of 1992, Fla. Stat. § 760 et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

110.  Ms. Neal is a member of a protected class and protected by the FCRA from discrimination based on her race, color, and disability.

111.  Ms. Neal engaged in a protected activity when she filed an EEOC charge complaining of discrimination based on race, color, and disability.

112.  Ms. Neal's protected activity was a but-for cause of her termination and resulting injury.

113.   The actions of the Defendant constitute a violation of the FCRA in that the Defendant has retaliated against Ms. Neal for her reports of race, color, and disability discrimination.

114.   Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Ms. Neal's employment in violation of the FCRA. Defendant is also liable for wrongfully terminating Ms. Neal's employment in retaliation for reporting illegal discrimination, or activity that Plaintiff reasonably believed to be illegal discrimination.

115. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it terminated her because of her report of race, color, and disability based discrimination.

116.   As a direct and proximate result of Defendant's acts, Ms. Neal has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Ms. Neal has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Neal respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Neal;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

G.    Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Dated this 23rd day of January 2024.

> */s/ Gary L. Printy, Jr., Esq.*
> Gary L. Printy, Jr.
> Florida Bar No. 41956
> **The Printy Law Firm**
> 5407 N Florida Avenue
> Tampa, Florida 33604
> (P): (813) 434-0649
> (F): (813) 423-3722
> garyjr@printylawfirm.com
> e-service@printylawfirm.com
> *Attorneys for Plaintiff*